JONATHAN A. STIEGLITZ, ESQ.
(SBN 278028)
jonathan.a.stieglitz@gmail.com
THE LAW OFFICES OF
JONATHAN A. STIEGLITZ
11845 W. Olympic Blvd., Suite 800
Los Angeles, California 90064
Telephone:  (323) 979-2063
Facsimile:   (323) 488-6748

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

-------------------------------------------------------------------------x

Shimon Machluf, individually and on behalf of all others similarly situated,

          Plaintiff,

-against-

USCB, Inc., and John Does 1-25,

          Defendant(s).

-------------------------------------------------------------------------x

**'21 CV 0839 AJB  AGS**

**Index No.:**

**CLASS ACTION COMPLAINT** for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.

**DEMAND FOR JURY TRIAL**

    Plaintiff Shimon Machluf, brings this Class Action Complaint by and through her attorneys, The Law Offices of Jonathan A. Stieglitz, against Defendant USCB, Inc. ("USCB"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information

and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. The Fair Debt Collection Practices Act ("FDCPA") was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* It concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate. *Id.* § 1692(b), the Act gave consumers a private cause of action against debt collectors who fail to comply with it. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et seq. The Court has pendent jurisdiction over state law claims, if any, in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is a substantial part of the events or omissions giving rise to the claim occurred and where the Plaintiff resides.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of California consumers under § 1692 et seq. of Title 15 of the United States Code, also known as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of California, County of San Diego, residing at 757 Trunorth Circle, Escondido, CA 92026.

8. Defendant USCB is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 355 South Grand Avenue, Suite 3200, Los Angeles, CA 90071.

9. Upon information and belief, Defendant USCB is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due to itself or another.

10. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

11. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12. The Class consists of:

   a. All individuals with addresses in the State of California;
   b. to whom Defendant USCB sent a collection letter;
   c. attempting to collect a consumer debt;
   d. where the letter:
      i. states that there are multiple accounts;
      ii. states that "your account" will be reported to the credit bureau;
      iii. without stating which account would be reported;

  e. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

13. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf it attempts to collect and/or have purchased debts.

14. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communication to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ 1692e and 1692f.

16. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests which might cause them not to vigorously pursue this action.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communication to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. § 1692e and §1692f.

   c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

   d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel

experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

**FACTUAL ALLEGATIONS**

- 7 -

20. Plaintiff repeats the above paragraphs as if set forth here.

21. Some time prior to December 5, 2020, Plaintiff allegedly incurred an obligation to non-party Kaiser Permanente ("Kaiser").

22. These alleged debts were incurred as financial obligations that were primarily for personal, family or household purposes, specifically for personal medical services.

23. Kaiser is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

24. Upon information and belief, Kaiser retained Defendant USCB to collect the alleged debt.

25. Defendant USCB collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of itself or other creditors using the United States Postal Services, telephone and internet.

*Violation – December 5, 2020 Collection Letter*

26. On or about December 5, 2020, Defendant USCB sent Plaintiff a collection letter regarding the alleged debt, originally owed to Kaiser. See letter is attached as Exhibit A.

27. The letter lists seven account numbers with seven corresponding balances and dates of service.

28. The letter then states:

- 8 -

> the listed accounts have been assigned to our office for collections… Our client requested that we report your account to a credit reporting agency after thirty (30) days from the date of this letter if you have not resolved the outstanding balance in a satisfactory manner.

29. The letter first states that plaintiff has multiple accounts that have been assigned to defendant USCB.

30. The next statement then states that only one of those accounts will be reported to a credit reporting agency, as it refers to an "account" in the singular.

31. The letter fails to identify which account will be reported to the credit bureau leaving Plaintiff confused and unsure of her rights, the repercussions of the letter, and how to respond.

32. Plaintiff did not know which of the seven listed accounts will be reported in left unpaid.

33. By failing to identify which account will be reported to the credit agency the letter may also imply that each account can be reported separately creating multiple negative impacts on Plaintiff.

34. Plaintiff was confused as to which account will be reported, whether some or all, or only one, and cannot properly decide how to address them.

35. Plaintiff would desire to pay the account that will be reported before paying the accounts that will not be reported.

36. The letter however, fails to inform Plaintiff which account will be reported, in order to coerce payment.

37. Defendant's actions were false, deceptive, and misleading.

38. Plaintiff was concerned and confused by the Letter.

39. Plaintiff was therefore unable to evaluate her options of how to handle this debt.

40. Because of this, Plaintiff expended time, money, and effort in determining the proper course of action.

41. In addition, Plaintiff suffered emotional harm due to Defendant's improper acts.

42. These violations by Defendant were knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

43. Defendant's collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

44. Defendant's deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and

frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff could not adequately respond to Defendant's demand for payment of this debt.

45. Defendant's actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendant's debt collection.

46. Plaintiff was confused and misled to her detriment by the statements in the dunning letter, and relied on the contents of the letter to her detriment.

47. Plaintiff would have pursued a different course of action were it not for Defendant's statutory violations.

48. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e *et seq.*

49. Plaintiff repeats the above paragraphs as if set forth here.

50. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

51. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

52. Defendant violated said section, including §§ 1692 and 1692e (10) by using false and deceptive means to collect a debt by threatening to report an account to the credit bureaus without specifying which, of the multiple listed accounts, would be reported.

53. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq.* of the FDCPA and is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692f *et seq.*

54. Plaintiff repeats the above paragraphs as if set forth here.

55. Alternatively, Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

56. Pursuant to 15 U.S.C. § 1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

57. Defendant violated this section by unfairly threatening to report an account to the credit bureaus without specifying which, of the multiple listed accounts, would be reported.

58. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f et seq. of the FDCPA and is entitled to actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

59. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Shimon Machluf, individually and on behalf of all others similarly situated, demands judgment from Defendant USCB as follows:

  i. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Jonathan A. Stieglitz, Esq., as Class Counsel;

  ii. Awarding Plaintiff and the Class statutory damages;

  iii. Awarding Plaintiff and the Class actual damages;

  iv. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

  v. Awarding pre-judgment interest and post-judgment interest; and

vi. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: April 28, 2021

                              THE LAW OFFICES OF
                              JONATHAN A. STIEGLITZ

                    By:     /s/ Jonathan A Stieglitz
                              Jonathan A Stieglitz